**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephane Garcia, | No. CV-19-04817-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Santander Consumer USA Incorporated, et al., | |
| Defendants. | |

Plaintiff Stephane Garcia accuses Defendants Santander Consumer USA, Inc., PAR, Inc., and Knight Rider Towing & Recovery, Inc. of wrongfully repossessing his vehicle. His original complaint states Fair Debt Collection Practices Act and trespass to chattel claims. Plaintiff now seeks permission to file an amended complaint that adds claims under Chapter 9 of the Arizona Uniform Commercial Code ("UCC") based on the same underlying facts. (Doc. 29.)

The Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When assessing the propriety of a proposed amended pleading, the Court considers factors such as "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citation omitted). The Court performs this analysis "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

This is Plaintiff's first request to amend his complaint, and Defendants do not argue that the amendment is sought in bad faith, would cause undue delay, or would be prejudicial. Instead, Defendants argue that the amendment is futile because the new claims would be subject to dismissal. Specifically, Defendants contend that Plaintiff does not have standing to seek a UCC remedy and has failed to state a claim under A.R.S. § 47-9609 because he has not alleged a breach of the peace.

On the issue of standing, Plaintiff may seek relief under the UCC if he "was a debtor, was an obligor, or held a security interest in or other lien on the collateral" at the time of the alleged UCC violation. A.R.S § 47-9625(C)(1). Defendants argue that Plaintiff lacks standing because he has not alleged that he was involved in any lien or secured transaction with Defendants. The Court finds Plaintiff's allegations establish his standing as a debtor.

Arizona law broadly defines a debtor as a "person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor." A.R.S. § 47-9102(A)(28). Official Comment 2a to § 47-9102 explains that a debtor is a party to a secured transaction who "may have a stake in the proper enforcement of a security interest by virtue of their non-lien property interest (typically, an ownership interest) in the collateral." The definition of debtor "includes transferees of collateral, whether or not the secured party knows of the transfer or the transferee's identity." *Id.*

Here, Plaintiff alleges that he purchased the vehicle for his own use, and that he did so outright with no lien. (Doc. 29-1 at 7.) Plaintiff also alleges that Defendant Santander "is an entity in whose favor a security interest was created or provided for under a security agreement" making Santander "a 'secured party' as defined by A.R.S § 47-9102(A)(72)." (*Id.* at 6.) Although the amended complaint could have been more explicit, a fair reading is that the vehicle was subject to a security interest before Plaintiff bought it, he purchased the vehicle without notice of this preexisting security interest, and he therefore is a debtor under Arizona law because he is a transferee of collateral.

Defendants' reliance on *Smart v. Emerald City Recovery, LLC*, No. C18-0448-JCC, 2018 WL 3569873 (W.D. Wash. July 25, 2018), is misplaced. There, the court did not

| | |
|---|---|
| 1 | discuss the UCC definition of a debtor because it was "undisputed" that the plaintiff "was |
| 2 | not a creditor or obligor, and that no security interest existed in her car." *Id.* at *3. The |
| 3 | defendants intended to repossess a different vehicle but took the plaintiff's by mistake. *Id.* |
| 4 | at *1. Here, although Plaintiff disputes whether the security interest in his vehicle can be |
| 5 | enforced against him, his amended complaint nonetheless acknowledges that a security |
| 6 | interest in the vehicle was created at some point. |
| 7 | Next, Defendants' argument that Plaintiff must allege a breach of the peace to state |
| 8 | a claim for wrongful repossession misses the mark. Plaintiff does not claim that the |
| 9 | repossession was unlawful because Defendants breached the peace. He claims that the |
| 10 | repossession was unlawful because, as an innocent good faith purchaser, Plaintiff had a |
| 11 | superior right to the vehicle and Defendants' security interest was unenforceable as to him. |
| 12 | Drawing all reasonable inferences in Plaintiff's favor, the proposed amendments are |
| 13 | not futile. Accordingly, |
| 14 | **IT IS ORDERED** that Plaintiff's motion for leave to file a first amended complaint |
| 15 | (Doc. 29) is **GRANTED**. Plaintiff shall file his amended complaint within 5 days of the |
| 16 | date of this order. |
| 17 | **IT IS FURTHER ORDERED** that the stay ordered by the Court on February 20, |
| 18 | 2020 is lifted. |
| 19 | Dated this 9th day of April, 2020. |

*[signature]*
Douglas L. Rayes
United States District Judge